UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHRISTOPHER BEIL,

          Plaintiff,                                        22 Civ.

          v.                                               <u>COMPLAINT</u>

LONG ISLAND RAILROAD COMPANY,         JURY TRIAL REQUESTED

          Defendant.
-------------------------------------------------------------------X

      Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

### THE PARTIES

1. The plaintiff is a resident of the State of New York, County of Suffolk, and City of Lindenhurst.

2. The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court, with a usual place of business in New York.

3. Prior to July 13, 2020, and at all times hereinafter mentioned, the defendant employed the plaintiff as a Signalman under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4. Prior to July 13, 2020, and at all times hereinafter mentioned, the defendant maintained, operated and controlled the right-of-way west of Hicksville Train Station, Hicksville, New York which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

5. During all times herein mentioned, the defendant was and is engaged in interstate commerce by providing railroad transportation.

### JURISDICTION AND VENUE

6. The plaintiff brings the First Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

7. This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. §56.

8. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant resides in this District and/or because defendant does business in this District.

## FACTS

9. At the time of the defendant's FELA violations, the plaintiff was employed by the defendant and qualified as an employee within the meaning of 45 U.S.C. § 51.

10. On July 13, 2020, the plaintiff was working as a Signalman at the direction and training of defendant, when plaintiff was directed by defendant to pull over 1,800 feet of ¾ inch bull rope by hand, causing plaintiff to feel a pop in his left elbow muscles.

11. Defendant's conduct, more specifically set forth below, caused, in whole or in part, the plaintiff to suffer various physical, psychological and economic harms.

12. Plaintiff's injuries include, but are not limited to, multiple tears in the left elbow tendons.

## COUNT I
## Violation of FELA

13. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

14. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

15. On or about July 13, 2020, while the plaintiff, an employee of the defendant, was in the performance of his duties as a Signalman along the right-of-way west of Hicksville Train Station,

Hicksville, New York, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

    a. in failing to provide plaintiff with a reasonably safe place to work;

    b. in failing to plan job;

    c. in failing to provide access to proper tools;

    d. in failing to use mechanical means of pulling the rope;

    e. in failing to supervise;

    f. in failing to provide sufficient manpower;

    g. in failing to maintain plaintiff's work place; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

16. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

17. The plaintiff was damaged thereby in a sum in excess of $200,000.00.

WHEREFORE, plaintiff demands judgment against the defendant on Count I in a sum in excess of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS; together with the costs and disbursements of this action.

Respectfully submitted

By: *[signature]*
MARC WIETZKE
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com